**Concurring Opinion filed December 30, 2025.**



**In The**

**Fifteenth Court of Appeals**

_____

**NO. 15-25-00116-CV**

_____

**KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL FOR THE STATE OF TEXAS, AND THE OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF TEXAS, Appellants**

**V.**

**DELIA GARZA, IN HER OFFICIAL CAPACITY AS TRAVIS COUNTY ATTORNEY; JOSÉ P. GARZA, IN HIS OFFICIAL CAPACITY AS TRAVIS COUNTY DISTRICT ATTORNEY; TRAVIS COUNTY; JAMES MONTOYA, IN HIS OFFICIAL CAPACITY AS EL PASO COUNTY DISTRICT ATTORNEY; CHRISTINA SANCHEZ IN HER OFFICIAL CAPACITY AS EL PASO COUNTY ATTORNEY; EL PASO COUNTY; JOHN CREUZOT, IN HIS OFFICIAL CAPACITY AS DALLAS COUNTY CRIMINAL DISTRICT ATTORNEY; DALLAS COUNTY; JOE GONZALES, IN HIS OFFICIAL CAPACITY AS BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY; BEXAR COUNTY; SEAN TEARE IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY DISTRICT ATTORNEY; HARRIS COUNTY; BRIAN MIDDLETON, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF FORT BEND COUNTY (268TH JUDICIAL DISTRICT); AND SHAWN W. DICK, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF WILLIAMSON COUNTY, TEXAS (26TH JUDICIAL DISTRICT), Appellees**

### CONCURRING OPINION

I join the Court's opinion and judgment. I agree that the absence in Government Code § 41.006 of any express rule-making authority for the attorney general—coupled with dozens of statutes where the Legislature has explicitly granted such authority in other contexts[1]—makes it highly unlikely that the Legislature intended to grant that authority here. Against this backdrop of explicit grants, "[t]he best inference from the Legislature's silence is that the law-making branch has not authorized" it in this case, not that it "has impliedly authorized such controversial [authority] without saying so."[2]

The Attorney General replies that all these other rule-making statutes "were enacted during the last thirty-five years," while the earliest precursor of § 41.006 "was first enacted in 1879." But if that were the whole story, it is odd that no attorney general for almost 150 years ever thought to adopt rules like those before us, despite regularly adopting hundreds of rules in dozens of other contexts over several decades.

But I would add that the text of § 41.006, while it likely authorizes the attorney general to request some of the information at issue on an *individual basis*, does not authorize the same by statewide rules. The text of § 41.006 requires prosecutors to

---

[1] In addition to the 16 statutes the Court lists that expressly grant rule-making power to the attorney general, there are likely many others. *See, e.g.*, TEX. GOV'T CODE § 402.036(e)(1) (rules regarding support adoption accounts); TEX. CODE CRIM. PROC. art. 56B.004 (rules for administration of crime victims' compensation); *id*. art. 56B.057(d) (rules to prevent unjust enrichment of same); *id*. art. 56C.002 (rules for compensation for criminal property damage); TEX. EDUC. CODE § 51.010 (rules for collection of delinquent obligations).

[2] *Pecos Cnty. Appraisal Dist. v. Iraan-Sheffield ISD*, 672 S.W.3d 401, 412 (Tex. 2023).

2

report information "that the attorney general *desires*" and "at the times and in the form that the attorney general directs." "Desire" in this context generally means "to express a wish for: request."[3] That would contemplate specific requests to specific prosecutors regarding specific criminal matters. This text does not easily encompass the general, permanent, mandatory, across-the-board reports that the proposed rules require, unless we assume all attorneys general always "desire" such information "at the times" the rules perpetually require.

Finally, two other statutes enacted in 2023 seem to repudiate the Attorney General's interpretation of § 41.006. First, the Legislature addressed the problem of finding out what prosecutors are actually doing by adopting article 2A.213 of the Code of Criminal Procedure as part of a general revision.[4] Article 2A.213 provides that "*[o]n written request by the attorney general,*" court clerks and prosecuting attorneys must provide "information in court records that relates to *a criminal matter*, including information requested for purposes of federal habeas review."[5] This plainly requires a specific "written request" for information related to "a criminal matter"; if we construe § 41.006 to dispense with that requirement, we would create a conflict between the two statutes rather than harmonize them. And if the two statutes "are irreconcilable, the statute latest in date of enactment prevails."[6] That weighs against finding broad rule-making power hidden within a statute almost 150 years old.

---

[3]      *See Desire*, MERRIAM-WEBSTER COLLEGIATE DICTIONARY 338 (12th ed. 2025); RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 987 (unabridged ed. 1966) ("to express a wish to obtain; ask for; request").

[4]      *See* Act of June 12, 2023, 88th Leg., R.S., ch. 765, § 1.001, 2023 TEX. GEN. LAWS 1837, 1860 (codified as TEX. CODE CRIM. PROC. art. 2A.213).

[5]      TEX. CODE CRIM. PROC. art. 2A.213.

[6]      *City of Dallas v. Emps.' Ret. Fund of City of Dallas*, 687 S.W.3d 55, 61 (Tex. 2024).

In the second statute, the Legislature addressed what to do about recalcitrant prosecutors. Again in 2023, the Legislature amended § 87.011 of the Local Government Code to provide for removal of prosecutors for "official misconduct," which the amendment redefined to include:

- "adoption or enforcement of a policy of refusing to prosecute a class or type of criminal offense under state law";

- "instructing law enforcement to refuse to arrest individuals suspected of committing a class or type of offense under state law"; or

- "permitting an attorney who is employed by or otherwise under the direction or control of the prosecuting attorney" to do the same.[7]

Yet the Legislature did not authorize the attorney general to remedy these problems by rules; it authorized local residents to file a petition to remove a local prosecutor in court.[8] Section 87.011 does not even mention the attorney general, or delegate any role for that office in such suits. The Legislature having recently provided a different remedy than agency rule-making, we cannot interpret § 41.006 to supplant it.

I would take note that these recent actions by the Legislature and the Attorney General reflect that both the legislative and executive officials of state government obviously perceive a real problem: the refusal by some prosecutors to enforce criminal laws *despite* their oaths to "faithfully execute" the duties of office and "preserve, protect, and defend the Constitution and laws of the United States and of this State."[9] "[O]ur place in a government of separated powers requires us to

---

[7] *See* Act of June 7, 2023, 88th Leg., R.S., ch. 366, § 1, 2023 TEX. GEN. LAWS 800, 800 (codified as TEX. LOC. GOV'T CODE § 87.011(3)).

[8] *See id.* §§ 3–5, 2023 TEX. GEN. LAWS at 800–01 (codified as TEX. LOC. GOV'T CODE §§ 87.015.–.0151, 87.018).

[9] TEX. CONST. art. XVI, § 1.

consider also the priorities of the other branches of Texas government."[10] Local citizens may not even know if or when this is occurring without avenues for obtaining the information or doing something about it.

There has long been room in our customs and laws for prosecutorial discretion and for allocating resources among criminal cases.[11] But a prosecutor's legal duties extend to the letter of the law as well as its spirit. Prosecutors cannot expect their discretionary decisions to be respected unless they extend the same respect to the discretionary decisions by those whose duty it is to write the laws.[12]

/s/ Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[10] *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461 (Tex. 2008).

[11] *See Discretion*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("**prosecutorial discretion**. A prosecutor's power to choose from the options available in a criminal case, such as filing charges, prosecuting, not prosecuting, plea-bargaining, and recommending a sentence to the court.").

[12] *See, e.g.*, *Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 863 (Tex. 2025) ("But beyond that, we can hardly expect the other branches and the public to respect constitutional boundaries if the courts are anything less than punctilious in doing so, particularly if we are perceived as aggrandizing our own power.").